**Tai CHENG CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74376.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 8, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alexander K. Yu, Esq., Law Office of Alexander K. Yu, New York, NY, for Petitioner.

Office of the District Counsel, Department of Homeland Security, San Diego,

CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David F. Shuey, Esq., U.S. Department of Justice, Environmental & Natural Resources, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Tai Cheng Chen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ's") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003). We grant in part and deny in part the petition for review, and remand for further proceedings.

■ The IJ found Chen's testimony was not credible. On appeal, the BIA made "no determination" on Chen's credibility and denied relief solely on the merits. Chen testified that, while he and his parents were out working, the police came by their home to arrest them for practicing Falun Gong, and that the police have looked for him and his parents at their home and at his sister's home since he entered the United States. The State Department document in the record indicated that the Chinese government had subjected Falun Gong practitioners who refused to recant to harsh treatment. According-

ly, the record compels the conclusion that Chen has established a well-founded fear of future persecution. *See Zhou v. Gonzales*, 437 F.3d 860, 867–69 (9th Cir.2006); *Zhang v. Ashcroft*, 388 F.3d 713 (9th Cir. 2004).

■ With regard to withholding of removal, however, the record does not compel the finding that it is more probable than not that Chen would be persecuted upon return to China. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir.2003).

We remand to the BIA to consider the IJ's adverse credibility finding. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *Briones v. INS*, 175 F.3d 727, 730 (9th Cir.1999) (en banc).

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.